UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ELEANOR HANDLER, et al., )
 )
 Plaintiffs )
 )
v. ) No. 1:11-cv-308-NT
 )
MARY MAYHEW, et al., )
 )
 Defendants )

## ORDER ON MOTIONS TO SEAL, UNSEAL

In this case arising from child protective proceedings initiated by the Maine Department of Health and Human Services ("DHHS"), five motions seeking the continued sealing, or the unsealing, of various filings are before the court. *See* Docket Nos. 1, 33, 34, 39, 45. The plaintiffs generally advocate the unsealing of the filings at issue, *see, e.g.*, Docket Nos. 24, 34, 46, while the State defendants (Mary Mayhew, Debra Potter, Claudia Kjer, Martin Smith, and Christine Theriault) press for the sealing or significant redaction of those filings, *see, e.g.*, Docket Nos. 22, 33, 39. The remaining defendants, Bryant White and Bob Tiner, take no position on the matter. *See, e.g.*, Docket No. 23.

For the reasons that follow, I deem moot the plaintiffs' original motion to seal the complaint, *see* Docket No. 1, which is superseded by their later position that the complaint should be unsealed in its entirety, *see* Docket Nos. 24, 34, grant the State defendants' motion to redact portions of the second amended complaint, *see* Docket No. 33, deny the plaintiffs' motion to unseal the second amended complaint in its entirety or, in the alternative, to redact only 12 paragraphs of that

1

complaint, *see* Docket No. 34, grant in part and deny in part the State defendants' motion to seal their motion to dismiss, *see* Docket No. 39, and deny the plaintiffs' motion to seal their response to the State defendants' motion to seal the motion to dismiss, *see* Docket No. 45. I also *sua sponte* order the unsealing of (i) Docket No. 39 and (ii) Docket Nos. 45 and 45-1.

## I. Second Amended Complaint

After a careful comparison of the allegations of the second amended complaint against the underlying DHHS narrative logs provided to the court *in camera* by the State defendants, I conclude that the material that the State defendants seek to redact is either (i) derived from the underlying DHHS narrative logs, in some cases by way of exact quotes from those logs, or (ii) describes child protective proceedings initiated by DHHS in state court. That information is confidential pursuant to Maine law. *See* 22 M.R.S.A. § 4008(1) (describing as confidential not only all DHHS child protective records containing personally identifying information but also "all information contained in those records"); *id*. § 4007(1) (directing that "[a]ll [child protective] proceedings and records shall be closed to the public, unless the court orders otherwise"); *In re Bailey M.*, 2002 ME 12, ¶ 16, 788 A.2d 590, 596 (describing language of section 4007(1) as "consistent with other provisions in the statute providing for disclosure of confidential materials in child protection proceedings[,]" for example, section 4008(3), which "authorizes a court to disclose confidential information contained in [child protective] records or reports if 'the court determines that public disclosure of the information is necessary for the resolution of an issue pending before the court.'") (quoting 22 M.R.S.A. § 4008(3)).

This court has previously respected the confidentiality of such information. *See, e.g.*, *Tower v. Leslie-Brown*, 167 F. Supp.2d 399, 405 (D. Me. 2001) ("If the Court were to allow the parties to

import confidential documents into federal court and thereby make them public, it would seriously undermine the state's policy.").

The plaintiffs offer no persuasive reason to handle the complaint in this matter, or this case, any differently. They seek to unseal the entire complaint on the bases that (i) the State defendants demonstrate no interest justifying the sealing of the complaint on the facts of this case, (ii) there is a strong presumption for openness, transparency, and accountability, (iii) the State defendants made no effort to have a reasonable discussion in this matter, (iv) section 4008(1) pertains only to "department records" and only those containing "personally identifying information[,]" (v) to the extent that the complaint discusses department records bearing on interviews with either plaintiff, disclosure is mandatory pursuant to 22 M.R.S.A. § 4008(3)(D), because records must be disclosed, *inter alia*, to a child's parent who is the subject of the report, and (vi) the Office of the Attorney General has "unclean hands" due to its faxing of a 2008 Law Court decision pertaining to child protective proceedings in this matter to a television news station, undermining its professed concerns about confidentiality or the child's safety. *See* Docket No. 34 at 1-2; *see also generally* Docket No. 24.

With respect to the first two points, the state has a recognized interest in "protecting child victims from undue trauma and humiliation, facilitating the rehabilitation of families, and encouraging people to report child abuse and neglect by keeping their identities confidential." *Leslie-Brown*, 167 F. Supp.2d at 405 (citations omitted). The plaintiffs argue that (i) there will be little consequence to the child of publicity because the child no longer resides in this state, (ii) there is no possible rehabilitation of the family, and (iii) the state's interest in protecting unnamed informants is not implicated because nothing in the complaint reveals any such person's identity.

3

*See* Docket No. 24 at 3. I am unpersuaded that, simply because the child now lives out of state, the child's interests will be unharmed by the revelation of the confidential information at issue. In any event, apart from the public policies motivating the adoption of the confidentiality statutes, the statutes direct that the information at issue be treated as confidential.

With respect to the third point, the State defendants have indeed modified their position following my directive to counsel, during a teleconference held on December 15, 2011, to meet and confer in good faith with respect to redaction of the complaint and submit a joint motion, or separate competing motions, regarding potential redactions. *See* Docket No. 30. The State defendants no longer press for the redaction of nearly all of the paragraphs of the complaint whose redaction I questioned during that teleconference. *See id.* at 4. Ironically, it is the plaintiffs who have not modified their position at all, continuing to press for the unsealing of the entire complaint or, in the alternative, the redaction of only 12 paragraphs thereof. *See id.* at 2.

With respect to the plaintiffs' fourth point, section 4008(1) protects not only underlying records but also the information contained therein. *See* 22 M.R.S.A. § 4008(1). Because, in all versions of the complaint, the plaintiff-parents have disclosed their full names, any information disclosed would be personally identifying not only with respect to them but also with respect to the child.

With respect to the fifth point, the disclosure of confidential child protective information to the child's parent is optional, not mandatory. *See id.* § 4008(2)(D). In any event, even if disclosure to a parent were mandatory, that would hardly mandate public redisclosure of such information. To the contrary, such redisclosure is forbidden. *See id.* § 4008(1) ("Any person who receives

department records or information from the department may use the records or information only for the purposes for which that release was intended.").

With respect to the plaintiffs' sixth and final point, even assuming *arguendo* that DHHS improperly transmitted a copy of the public version of a 2008 Law Court decision to a television station (a matter that the State defendants dispute, *see* Docket No. 30 at 3), the plaintiffs cite no authority for the proposition that DHHS's "unclean hands" justify public disclosure of the confidential information at issue. Nor is that proposition self-evident: the interests at stake are not those of DHHS but, rather, those of individual children and of the child protective process generally. *See, e.g., Leslie-Brown*, 167 F. Supp.2d at 405 ("Other courts in this Circuit facing a similar task have found that the balance tipped in favor of denying public access when publicity would jeopardize either children caught up in the dispute or the child protective process itself."). Beyond this, the plaintiffs supply no evidence that, as a result of DHHS's transmission, confidential child protective information identifying the parents and/or child was released to the public.

The arguments that the plaintiffs advance, in the alternative, for rejecting the defendants' bid to redact 69 additional paragraphs beyond the 12 to which the plaintiffs agree likewise are unavailing: that (i) the information contained in some of those paragraphs "can be gotten from sources other than DHHS[], namely from the Plaintiffs, who are the subjects of the interviews[,]" (ii) other paragraphs consist largely of the plaintiffs' allegations, and have only a tenuous relationship to DHHS records, and (iii) other paragraphs refer to what happened in court, not DHHS records, and can be gleaned from the court's own docket records. *See* Docket No. 34 at 3.

That some of the information might have been gleaned from other sources is irrelevant. I am satisfied, based on a careful comparison of the *in camera* DHHS records against the relevant

5

allegations of the second amended complaint, that the information was in fact derived from DHHS records. It is, therefore, confidential. The paragraphs that the plaintiffs describe as containing primarily their own allegations are sufficiently intertwined with information deriving from DHHS logs or court child protective proceedings that it would be difficult to redact them in a meaningful fashion. Finally, as noted above, the records of child protective court proceedings, like those of internal DHHS child protective matters, are confidential. *See* 22 M.R.S.A. § 4007(1). The plaintiff does not demonstrate that the public could glean, from state court docket records, the identity of the parents or child involved in those proceedings, let alone the contents of those proceedings.

For the foregoing reasons, I **DEEM MOOT** the plaintiffs' original motion to seal the complaint, *see* Docket No. 1, which is superseded by their later position that the complaint should be unsealed in its entirety, *see* Docket Nos. 24, 34, **GRANT** the State defendants' motion to redact portions of the second amended complaint, *see* Docket No. 33, and **DENY** the plaintiffs' motion to unseal the second amended complaint in its entirety or, in the alternative, to redact only 12 paragraphs of that complaint, *see* Docket No. 34. The State defendants' requested redactions of the second amended complaint are hereby **ADOPTED**, and the plaintiffs are **DIRECTED** to file a redacted, public version of the second amended complaint consistent with this order within 14 days, or on or before February 6, 2012.

## II. Motion To Dismiss

The State defendants request that the court seal both their motion to dismiss and all 22 exhibits thereto. *See* Docket No. 39; *see also* Docket Nos. 40, 40-1 to 40-22. The plaintiffs respond, *inter alia*, that "[t]he arguments contained in the State's actual motion can be released to the public without causing any injury to anyone." Docket No. 46 at 1.

6

The State defendants correctly observe that all of the exhibits attached to their motion to dismiss contain information deemed confidential pursuant to 22 M.R.S.A. §§ 4007(1) or 4008(1), which, pursuant to *Leslie-Brown*, should remain sealed. *See Leslie-Brown*, 167 F. Supp.2d at 405. Nonetheless, I agree with the plaintiffs that a balancing of the public's interest in access to judicial records against the state's interest in maintaining the confidentiality of child protective proceedings weighs in favor of the creation of a public, redacted version of the motion itself. *See id*.

Specifically, I **DIRECT** that the State defendants file, no later than February 6, 2012, a redacted, public version of their motion to dismiss in which only the following sections are redacted:

1. "FACTS" section, pages 1-11. All facts except for the first sentence and footnote 1 on page 1.[1]

2. "COMPLAINT" section, pages 11-12. Portion on page 12, lines 35-37, describing Count XIV, beginning with the word "alleging" and running through the end of that sentence.

3. "ARGUMENT" section, pages 13-40.

   A. Portion on page 17, lines 13-14, beginning with the word "and" and running through the end of that sentence.

   B. Portion on pages 17 and 18 consisting of the entirety of lines 21 through 24 on page 17, and the entirety of lines 1 through 14 and footnote 4 on page 18.

   C. Portion on page 21 consisting of the entirety of lines 15-18.

   D. Portion on pages 23 and 24 consisting of the entirety of lines 14 through 20 on page 23 and the entirety of lines 1 and 2 on page 24.

---

[1] Certain portions of the "FACTS" section do not reveal confidential information. However, because (i) the bulk of that section does reveal confidential information and (ii) the non-confidential information set forth therein will be available to
*(continued on next page)*

E. Portion on pages 28 and 29 beginning with "The Handlers'" in line 21, continuing with the entirety of line 22 on page 28 and lines 1 through 3 on page 29, and ending with the word "terminated." in line 4.

F. Portion on page 31 beginning with the word "and" and ending with the word "D.H." in line 13, and beginning with the word "It" in line 13 and ending with the word "rights." in line 15.

G. Portion on pages 32 and 33 beginning with the word, "Rather," in line 21 on page 32, consisting of the entirety of lines 22 and 23 on page 32, and ending with the word "affirmed." in line 1 of page 33.

H. Portion on page 34 consisting of the entirety of lines 14 through 18 and ending with "205." in line 19.

I. Portion on page 35 commencing with "by" in line 8 and ending with "D.H," in line 9.

J. Portion on page 35 commencing with "that the Handlers" in line 12 and ending with "D.H." in line 13.

K. Portion on page 35 commencing with "that" and ending with "other," in line 15.

### III. Miscellaneous Motions

The plaintiffs' motion to seal their response to the State defendants' motion to seal their motion to dismiss, Docket No. 45, is **DENIED**, inasmuch as the response contains no confidential

---

the public through the filing of a redacted version of the second amended complaint, I do not deem it necessary to create a redacted version of that section of the motion.

information. For the same reason, I **DIRECT**, *sua sponte*, that the following be **UNSEALED**: (i) Docket No. 39 and (ii) Docket Nos. 45 and 45-1.

Two other sealed documents, Docket Nos. 33 and 34, contain a mixture of confidential information and non-confidential information, including legal argument. Nonetheless, although a redacted public version of those filings could be created, I perceive no useful purpose in doing so given that the arguments made in those filings are similar to those made in two public filings, Docket Nos. 22 and 24, and those summarized in my Report of Hearing and Order re: Motion To Seal dated December 19, 2011, Docket No. 30.

**SO ORDERED.**

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 23rd day of January, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge