UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELEANOR HANDLER, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) No. 1:11-cv-308-JAW |
| | ) |
| MARY MAYHEW, et al., | ) |
| | ) |
| Defendants | ) |

**MEMORANDUM DECISION AND ORDER ON MOTION UNDER RULE 35**

The defendants seek an order pursuant to Federal Rule of Civil Procedure 35(a) requiring plaintiff Russell Handler to undergo a mental examination by Carlyle Voss, M.D., at Dr. Voss's office in Portland, Maine. *See* Defendants' Motion Pursuant to Fed.R.Civ.P. 35 for Order Directing Plaintiff Russell Handler to Submit to Mental Examination ("Motion") (ECF No. 131). For the reasons that follow, I grant the Motion, as supplemented and clarified by the defendants' reply brief responding to the plaintiff's objection. *See* Plaintiff's Response to Defendant[s'] Motion Pursuant to Fed. R. Civ. [P.] 35 for Order Directing Plaintiff Russell Handler to Submit to Mental Examination ("Response") (ECF No. 135); Defendants' Reply Memorandum Regarding Motion for Independent Medical Evaluation ("Reply") (ECF No. 138).

**I. Applicable Legal Standards**

Rule 35(a) provides, in relevant part:

> (1) **In general**. The court where the action is pending may order a party whose mental or physical condition – including blood group – is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .
>
> (2) **Motion and Notice; Contents of the Order.** The order:

>  (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>
>  (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).

"As the rule suggests, the party seeking to compel an examination under Rule 35 bears the burden of establishing that the party's physical [or mental] condition is in controversy and that good cause exists to compel the examination." *Hudson v. Dr. Michael J. O'Connell's Pain Care Ctr., Inc.*, Civil No. 11-cv-278-JD, 2012 WL 405483, at *1 (D.N.H. Feb. 8, 2012).

## II. Discussion

Taking each of the Rule 35(a) elements in turn:

1.   **Placing of Mental Health at Issue**. The plaintiff does not dispute that he has placed his mental health at issue. *See generally* Response. In any event, it is clear that he has. He alleges that, at the hands of defendants Bryant White and Bob Tiner, he suffered "Post Traumatic Stress Disorder, loss of enjoyment of life, constant and continuing nightmares, anxiety, Generalized Anxiety Disorder and mental anguish" and was robbed of his ability to parent his child. *See* Answers to Interrogatories Propounded to Plaintiff Russell Handler by Bryant White and Bob Tiner and Objections, Exh. B (ECF No. 131-2) to Motion, at 15; *see also* Supplemented Initial Disclosures of Plaintiff Russell Handler, Exh. A (ECF No. 131-1) to Motion, at 3 (alleging that plaintiff suffered "intentional and negligent emotional injuries; such as post-traumatic stress disorder and its associated effects including nightmares and tremors which continue to this day"). While a mere garden-variety allegation of emotional distress does not suffice to place a plaintiff's mental condition in controversy, the required showing typically is met when "(1) the plaintiff has pled a cause of action for intentional or negligent infliction of

emotional distress; (2) the plaintiff has alleged a specific mental or psychiatric injury; (3) the plaintiff has pled a claim for unusually severe emotional distress; (4) the plaintiff plans to offer expert testimony to support a claim of emotional distress and/or (5) the plaintiff has conceded that his or her mental condition is 'in controversy' for purposes of FRCP 35(a)." *Riel v. Ayers*, No. CIV S-01-0507 LKK KJM, 2010 WL 1980251, at *2 (E.D. Cal. May 17, 2010), *modified on recon. on other grounds*, 2010 WL 3835798 (E.D. Cal. Sept. 30, 2010) (citation and internal quotation marks omitted).

2. **Qualifications of Examiner**. The plaintiff does not dispute that Dr. Voss is a suitably licensed or certified examiner. *See generally* Response. He does note that Dr. Voss's testimony in another case before this court was partially excluded because he had, on at least one occasion, offered an impermissible legal opinion. *See id*. at 2-3. As the defendants rejoin, *see* Reply at 5, that has no bearing on the question of whether Dr. Voss should be permitted to evaluate the plaintiff and form opinions in this case.

3. **Good Cause**. The defendants meet their burden of showing good cause to conduct the evaluation. "The 'good cause' requirement is satisfied, in part, by a showing that the requested information cannot be obtained by other means." *Robinson v. Miller*, No. 2:11-cv-56-JHR, 2011 WL 2669304, at *2 (D. Me. July 7, 2011) (citation and internal punctuation omitted). "It also appears to require a showing that, in a particular case, there is some reason for the examination other than the fact that a party's mental or physical condition is at issue[.]" *Id*. (citation and internal quotation marks omitted). *See also, e.g., Hudson*, 2012 WL 405483, at *1 ("Good cause may be demonstrated by showing that the information cannot be obtained by other means and by showing a reasonable basis to believe that an examination will provide material information.").

The defendants concede that the requested examination will not yield information regarding the plaintiff's mental status at the time of the allegations in question. *See* Reply at 2. Instead, they seek information regarding his current mental health condition. *See id.* They note that he has alleged that, at their hands, he suffered severe emotional injuries that continue to this day. *See id.* While the plaintiff is currently seeing a mental health professional in Florida, *see* Response at 3, the defendants represent that they have received the records of that professional, Thomas Reffner, M.D., and determined that those records "contain no information whatsoever regarding post-traumatic stress disorder and say nothing about any causal connection between the Plaintiff's current psychological condition and the alleged actions of the Defendants[,]" Reply at 3 n.2.

The defendants, thus, are unable to obtain by other means material information as to whether, and to what degree, the plaintiff continues to suffer from post-traumatic stress disorder or any other mental impairment that they allegedly caused, and the degree to which his current psychological condition is attributable to their actions. This constitutes good cause for the examination. *See, e.g., Riel*, 2010 WL 1980251, at *3 (observing that good cause had been shown in case in which "the mental examinations already performed [were] not sufficient for defendant to ascertain the nature and extent of the injuries that resulted from the incidents alleged in this litigation" and "plaintiff's medical records and depositions [did] not contain a thorough assessment of his current mental and emotional condition") (citations and internal quotation marks omitted); *Schlenker v. City of Arvada*, Civil Action No. 09-cv-01189-WDM-KLM, 2010 WL 2232356, at *4 (D. Colo. June 2, 2010) ("[A]t least one court has found good cause for a Rule 35 examination when alternative evidence regarding a plaintiff's mental condition was deemed to be insufficient to establish the extent of his claimed injuries").

4

4.     **Time, Place, Manner, and Scope of Examination and Identity of Examiner**. The defendants adequately describe the time, place, manner, and scope of the requested examination. Dr. Voss will conduct the examination on April 23, 2013, at 9:30 a.m. at 2367 Congress Street in Portland, Maine. *See* Reply at 3. Prior to that time, Dr. Voss will review all available records regarding the plaintiff's mental health. *See id*. at 4. Dr. Voss will interview the plaintiff for between two and three hours, with breaks as necessary, will permit him to sit, stand, or move about during the interview as he (the plaintiff) sees fit, and may conduct brief testing of his memory and concentration and brief cognitive function tests if indicated. *See id*. at 4. Dr. Voss will then prepare a report. *See id*.[1]

### III.  Conclusion

For the reasons discussed above, the Motion is **GRANTED**, and the examination of the plaintiff by Dr. Voss is permitted at the time and place, in the manner, and within the scope of examination described above.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 12th day of April, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[1] In addition to objecting to the taking of the Rule 35 examination, the plaintiff requested, in the alternative, that any such evaluation occur in Florida with a suitable physician in that state, where the plaintiff currently resides. *See* Response at 5. The plaintiff stated that he would agree to accommodate any reasonable expenses occurred as a result of the change in venue. *See id*. This request is denied. As the defendants point out, *see* Reply at 4, the plaintiff has not suggested that Dr. Voss lacks the qualifications required by Rule 35(a). The plaintiff chose to litigate in this forum, and the defendants recall that his counsel previously represented to the court that he would be returning to Maine in the spring. *See id*.